## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **ANTHONY E. GILL,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:17-cv-00611-O-BP** |
| | § | |
| **HARRY BENNETT, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are Defendant Dallas Top Brass Marketing & Services, Inc.'s Motion to Dismiss (ECF No. 11), filed September 11, 2017; Defendant Bennett Cleaning Concepts's Motion to Dismiss (ECF No. 12), filed September 19, 2017; and Defendant Harry Bennett's Motion to Dismiss (ECF No. 13), filed September 19, 2017. United States District Judge Reed O'Connor referred this case to the undersigned for pretrial management by Order entered on September 20, 2017. ECF No. 14. After considering the pleadings and applicable law, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Defendant Dallas Top Brass Marketing & Services, Inc.'s Motion to Dismiss (ECF No. 11), and **DISMISS** this action **without prejudice** as to Defendant Top Brass. If Plaintiff files an amended complaint within the fourteen days allotted for objections to this recommendation, however, the Motion should be **DENIED** as moot, and the action should be allowed to proceed on the amended complaint. Plaintiff is permitted to file an amended complaint on or before **January 30, 2018.**

The undersigned additionally **RECOMMENDS** that Judge O'Connor **DENY** Defendant Bennett Cleaning Concepts's Motion to Dismiss (ECF No. 12) and Defendant Harry Bennett's Motion to Dismiss (ECF No. 13).

## BACKGROUND

Plaintiff Anthony E. Gill ("Gill") sues Defendants Dallas Top Brass Marketing & Services, Inc. ("Top Brass"), Harry Bennett ("Bennett"), and Bennett Cleaning Concepts ("BCC") for violations of the Fair Labor Standards Act ("FLSA"). ECF No. 1 at 1–2. Gill proceeds *pro se* and *in forma pauperis*. *Id.*; ECF No. 5. Bennett and BCC (collectively, the "*pro se* Defendants") also proceed *pro se*. Top Brass is represented by counsel.

The following alleged facts are taken from Gill's Complaint. ECF No. 1. On March 29, 2017, Gill began working for Bennett, the owner and operator of BCC, and "cleaning buildings which were subcontracted by Harry Bennet(t) from Top Brass." *Id.* at 2. On April 3, 2017, Bennett put Gill on a payment schedule of $400 every two weeks. *Id.* Gill worked 47.45 hours between April 3 and April 9, 2017. *Id.* On April 14, 2017, Gill told Bennett that we was quitting because he was working below the minimum wage "as set by the FLSA." *Id.*

Gill additionally alleges that Bennett followed him when he left work that day and beat Gill with the stick of a mop until the stick broke into pieces. *Id.* at 2–3. Bennett was arrested for Aggravated Assault with a Deadly Weapon and indicted in Tarrant County. *Id.* at 3 & Attachment A. Gill was taken to Baylor Scott & White Medical Center and treated for head injury, contusions, cervical strain, and chronic obstructive pulmonary disease. *Id.* at 3 & Attachment B. Gill alleges that Bennett has harassed Gill by calling Gill's parole officer. *Id.*

On September 11, 2017, Top Brass filed a motion to dismiss, on the grounds that Gill made an untrue allegation of poverty, pursuant to 28 U.S.C. § 1915(e)(2)(A), and that Gill failed to state a claim upon which relief could be granted under Federal Rule of Civil Procedure 12(b)(6). ECF No. 11. Top Brass requested the Court take judicial notice of attachments to the Motion, which are

documents related to Top Brass's allegation that Gill made an untrue allegation of poverty by not declaring his undivided one-fourth interest in a residential property, specifically, his deceased mother's house located at 1414 Hazel Leigh Lane, Fort Worth, Texas 76134 (the "Property"). *Id.* at 2–3 n.1. The documents are a real estate appraisal of the Property; the order admitting Gill's mother's will to probate; the will itself; the inventory, appraisement, and list of claims regarding Gill's mother's estate; Gill's designation of the Property as his homestead; a brief Gill filed opposing partition of the Property; and an order granting a motion to dismiss in a prior lawsuit in which Gill was the plaintiff. ECF No. 11-1 at 6–29.

On September 19, 2017, Bennett and BCC filed independent Motions to Dismiss. ECF Nos. 12 and 13. The *pro se* Defendants' Motions to Dismiss were identical to Top Brass's Motion to Dismiss, with the exception that they did not include any argument under 12(b)(6) beyond the legal standard and did not have any documents attached. *See id.*

Gill filed a Response entitled "Plaintiff's Response to Defendant's Motion(s) to Dismiss" (ECF No. 18) with Brief in support (ECF No. 19) on October 31, 2017. The Response appears to be a response to all of the motions to dismiss filed by the Defendants in this case. Gill responded to Top Brass's arguments and additionally argued that the motions should be denied because they were duplicative. ECF No. 19 at 2. Top Brass filed its Reply (ECF No. 20) on November 1, 2017.

## LEGAL STANDARD AND ANALYSIS

Top Brass makes two arguments in its motion to dismiss. First, it argues that Gill's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(A) because Gill made a false statement on his application for *in forma pauperis* status, namely the omission of his interest in the Property. Second, Top Brass argues that Gill failed to state a claim upon which relief could be granted under Federal Rule of Civil Procedure 12(b)(6) because Top Brass had never employed

Gill, as his FLSA claim requires. The *pro se* Defendants' Motions to Dismiss contain duplicate arguments. As a third item for consideration, Gill argues that the Court should deny the Motions to Dismiss because their duplicative nature indicates the ethical violation of ghostwriting.

**I.      Dismissal of Gill's suit is not required under 28 U.S.C. § 1915(e)(2)(A) for an untrue allegation of poverty.**

Title 28 U.S.C. § 1915(e)(2) provides that, for any suit in which a plaintiff proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that—(A) the allegation of poverty is untrue. . . ." Dismissal is mandatory rather than permissive under this statute. *Castillo v. Blanco*, 330 Fed. App'x 463, 466 (5th Cir. 2009). Dismissal can be with or without prejudice, and "[t]he cases that have dealt with the appropriateness of a dismissal with prejudice under section 1915(d) have uniformly recognized that such a dismissal is an extreme sanction that should only be imposed when evidence exists of bad faith, manipulative tactics, or litigiousness." *Lay v. Justices-Middle Dist. Court*, 811 F.2d 285, 286 (5th Cir. 1987) (citing *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986)).

The United States Court of Appeals for the Fifth Circuit has approved a dismissal with prejudice where the defendants "provided proof of many inconsistencies" in the plaintiff's *in forma pauperis* application. *Castillo*, 330 Fed. App'x at 467. The plaintiff in *Castillo* had claimed "(1) the only autos or other valuable property he owned were an inoperable 1991 van and a 1991 truck worth $200; (2) he had no cash or savings or checking accounts; (3) he had been unemployed since 2005; and (4) he had not received money from any source in the past year." *Id.* But the defendants presented evidence "that [the plaintiff] owns several vehicles, runs one or more businesses for which he was hiring employees, filled out a credit application in 2007 claiming a $100,000 salary, drew several months' rent from his checking account, and paid the $750 filing fee to run for governor of Louisiana in September 2007." *Id.* Courts have dismissed with prejudice for much

less. *See, e.g., Lay v. Justices-Middle Dist. Court*, 811 F.2d 285 (5th Cir. 1987) (affirming dismissal with prejudice where a prisoner submitted a true financial affidavit but forged the signature of a prison official on it); *Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 547 (7th Cir. 1998) (affirming dismissal with prejudice where plaintiff did not disclose ownership of a home with $14,000 of equity); and *Romesburg v. Trickey*, 908 F.2d 258, 259 (8th Cir. 1990) (affirming dismissal with prejudice where plaintiff did not disclose ownership of four unencumbered real estate lots).

But dismissal is not warranted in every case of a false or incorrect statement on an *in forma pauperis* application. *See, e.g., Hunter v. Texas Energy Services LP*, Civ. A. No. 2:14-CV-142, 2014 WL 5426454, at *4 (S.D. Tex. Oct. 23, 2014) (granting *in forma pauperis* status even though plaintiff had stated on his financial affidavit that he was unemployed for the past twelve months instead of the past eight, which was the true number); *Camp v. Oliver*, 798 F.2d 434, 437–38 (11th Cir. 1986) (reversing district court's dismissal with prejudice where the prisoner plaintiff inaccurately claimed he had no cash or savings accounts on his affidavit but attached a prison account balance sheet that contradicted his claim). The United States Court of Appeals for the Eighth Circuit has persuasively held that 28 U.S.C. § 1915(e)(2)(A)

> does not mandate that the district court dismiss [the plaintiff's] claim if it finds that certain assertions in his affidavit are untrue; instead, it requires the district court to dismiss the claim if it finds that [the plaintiff] is not sufficiently poor to qualify for in forma pauperis status given the facts that are true. Indeed, "[t]he purpose of this provision is to weed out the litigants who falsely understate their net worth in order to obtain in forma pauperis status when they are not entitled to that status based on their true net worth."

*Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000) (citing *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997)). To rule otherwise would mean that any untrue statement on a financial affidavit, even in the smallest amount, would require dismissal under 28 U.S.C.

§ 1915(e)(2)(A).

Top Brass has given the Court extensive proof from official public records that, contrary to Gill's sworn statement on his *in forma pauperis* application that he owns no home or other assets, Gill in fact owns an undivided one-fourth interest in his deceased mother's home. ECF Nos. 2 at 3 and 11-1 at 6–29. According to the Tarrant Appraisal District report, the Property had a market value of $89,785 and an appraised value of $46,585, one-fourth of which comes to $22,446.25 and $11,646.25, respectively. ECF No. 11-1 at 6. The undersigned hereby takes judicial notice of these facts, as they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Top Brass additionally offers evidence of Gill's litigious past, asking the Court not to excuse this omission because of the experience Gill garnered over the course of eight prior lawsuits. ECF No. 11 at 6–9.

Gill argues in response that some of the records submitted by Top Brass are erroneous because of gross misconduct, though he gives no proof of such. ECF No. 19 at 4. Gill additionally argues that he does not have an interest in the home because the home is still property of his mother's estate and there was no muniment of title. *Id.* at 4–5. Top Brass convincingly refutes this argument by noting that the will was not probated as a muniment of title and that the property immediately vested in Gill upon his mother's death, under Texas Estates Code Section 101.001(a)(1). ECF No. 20 at 3–4. Gill's counterarguments are unavailing, and the interest in the home is his, in accordance with official public records.

Nevertheless, the undersigned finds that this single omitted asset is not sufficient to revoke Gill's *in forma pauperis* status, and therefore the omission is not sufficient to mandate dismissal under 28 U.S.C. § 1915(e)(2)(A). *See Lee v. McDonald's Corp.*, 231 F.3d at 459. An undivided interest in real estate is not easily converted into funds for court or attorney's fees, nor does the

undersigned believe that litigants should be required to mortgage their homes to proceed with a case alleging a violation of federal law. While Gill's litigious past contains a troubling number of dismissed frivolous suits, he was not denied *in forma pauperis* status in any of those cases. *See* ECF No. 11 at 6–9. The undersigned therefore does not recommend dismissal of Gill's suit on the ground of untrue allegation of poverty.

**II.    Gill's suit should be dismissed against Top Brass because he was never an employee of Top Brass and therefore cannot sustain an FLSA claim against Top Brass.**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. The Rules require that each claim contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). A complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A court ruling on a Rule 12(b)(6) motion may rely on the complaint, documents properly attached to the complaint or incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011). "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's

territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

There exists a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). It is federal policy to decide cases on the merits rather than technicalities, and thus when possible the Fifth Circuit has recommended that suits be dismissed without prejudice on Rule 12 motions. *Great Plains Tr. Co.*, 313 F.3d at 329; *Hines v. Wainwright*, 539 F.2d 433, 434 (5th Cir. 1976) (vacating and remanding a Rule 12(c) dismissal with instructions to the district court to dismiss without, instead of with, prejudice). As a result, courts generally allow plaintiffs at least one opportunity to amend following a Rule 12 dismissal on the pleadings. *Great Plains Tr. Co.*, 313 F.3d at 329; *see In re Online Travel Co. (OTC) Hotel Booking Antitrust Litig.*, 997 F. Supp. 2d 526, 548–49 (N.D. Tex. 2014) (Boyle, J.) (dismissing for failure to state a claim without prejudice, as dismissing with prejudice would be "too harsh a sanction"); *Parker v. Allstate Ins. Co.*, 3:16-CV-00892-CWR-FKB, 2017 WL 4287912, at *1 (S.D. Miss. Sept. 27, 2017) ("It is well-established that plaintiffs who fail to meet their burden on a motion for judgment on the pleadings and yet may still have a viable avenue to recover should be granted leave to amend their complaint and make their best case." (citation omitted)).

A *pro se* plaintiff's pleadings are liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A "*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* However, if the court determines that plaintiff has pleaded his or her best case, a district court does not err in dismissing a *pro se* complaint with prejudice. *Jones v. Greninger*, 188 F.3d 322, 326–27 (5th Cir. 1999) (citing *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)).

Gill alleges that Top Brass committed "violations of the FLSA overtime, regular pay, no pay, and anti-retaliation provisions." ECF No. 1 at 6. Gill's only alleged facts connecting Top Brass to his claims are that they subcontracted cleaning to BCC. *Id.* at 2. A plaintiff bringing an FLSA action, whether for unpaid overtime compensation or retaliation, must first show that an employer-employee relationship existed. *Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014) (noting the FLSA's requirement that a plaintiff claiming unpaid overtime compensation must demonstrate by a preponderance of the evidence that an employer-employee relationship existed); *Pineda v. JTCH Apartments, L.L.C.*, 843 F.3d 1062, 1066–67 (5th Cir. 2016) (holding in relation to FLSA retaliation claims that "it is only unlawful 'to discharge or . . . discriminate against any *employee* because such employee has filed any complaint'") (quoting 29 U.S.C. § 215(a)(3)) (emphasis in original). The Fifth Circuit has in a prior case made Gill aware of this requirement of the FLSA. *See Gill v. Texas Dep't of Criminal Justice*, 78 F.3d 581 (5th Cir. 1996) ("Even if proven true, these allegations fail to come close to showing that an employer-employee relationship existed, which triggers the FLSA's coverage."). Gill argues that the FLSA protects him because he is a former employee, but Gill has not claimed to be a former employee of Top Brass, only of BCC. *See Darveau v. Detecon, Inc.*, 515 F.3d 334, 341 (4th Cir. 2008) (citing *Robinson v. Shell Oil Co.*, 519 U.S. 337, 345–46 (1997)); ECF No. 19 at 4. Because Gill has not pleaded any facts that plausibly show that Top Brass employed him, Top Brass is not liable to Gill under the FLSA and the complaint against Top Brass should be dismissed.

Federal policy is to allow plaintiffs to amend their complaints so that cases can be decided on the merits as often as possible. *Great Plains Tr. Co.*, 313 F.3d at 329. Courts should allow plaintiffs at least one chance to amend their complaints after a Rule 12 dismissal. *Id.* The

undersigned therefore recommends that this case be dismissed against Top Brass without prejudice.

Bennett and BCC also request dismissal of Gill's suit under Rule 12(b)(6). However, their Motions to Dismiss contain no factual or legal argument that dismissal is warranted. They state only the legal standard for Rule 12(b)(6), which appears—like the rest of their brief—to be copied entirely from Top Brass's brief. ECF Nos. 12 at 6–7 and 13 at 6–7. Dismissal cannot be granted for Bennett and BCC when they give no reason why, under the law, it should be granted.

### III. Top Brass's motion should not be denied for ghostwriting or filing of duplicate motions, because Top Brass did not do so.

Gill argues that the Defendants' Motions to Dismiss should be denied because they are duplicates of each other, and this is an ethical violation because the only explanation for the duplication is that Top Brass's counsel ghostwrote Bennett's and BCC's Motions to Dismiss. ECF No. 19 at 1–2. Gill cites in support *Johnson v. Bd. of County Com'rs for County of Fremont*, 868 F. Supp. 1226 (D. Colo. 1994), *aff'd but disapproved in part*, 85 F.3d 489 (10th Cir. 1996). In this case, among other ethical violations, the district court found that an attorney had been ghostwriting a *pro se* defendant's filings. *Id.* at 1231. The court noted that this gave the defendant "the unwarranted advantage of having a liberal pleading standard applied whilst holding the plaintiffs to a more demanding scrutiny" and was an evasion of the ethical responsibilities imposed by Rule 11 of the Federal Rules of Civil Procedure. *Id.* But the court found that Colorado attorneys were insufficiently on notice of the ethical considerations and did take any action against the ghostwriter beyond the publication of the opinion. *Id.* at 1232.

The decision in *Johnson* is not binding on this Court, and the *Johnson* court did not impose the sanction Gill requests this Court impose on Top Brass. Even more importantly, the scenario in *Johnson* is not what occurred in the present case. Gill has provided no evidence that Top Brass's

10

counsel ghostwrote any part of Bennett's or BCC's Motions to Dismiss, or that counsel was secretly representing the *pro se* Defendants. The far more likely scenario is that, after seeing counsel's effective Motion to Dismiss publicly filed on behalf of his client Top Brass, the *pro se* Defendants copied their Motions from his. One indication that this is the case is that the *pro se* Defendants cite to documents in appendices that do not exist in their filings but do in Top Brass's. *See* ECF Nos. 12 at 2–3 and 13 at 2–3. Another indication is that they do not include any analysis on why Federal Rule of Civil Procedure 12(b)(6) required dismissal, because that section of Top Brass's argument is fact-specific to Top Brass. *Compare* ECF No. 11 at 9–12 *with* ECF Nos. 12 at 6–7 and 13 at 6–7. A final indication—one that Gill himself notes—is that the first section of both motions requests that the case be dismissed against Top Brass, not against the *pro se* Defendants who submitted the motions and would presumably like the case dismissed against them. ECF Nos. 12 at 1 and 13 at 1; ECF No. 19 at 2.

Importantly, in *Johnson*, the court held that the danger of ghostwriting was that the court would apply the wrong standard to the pleadings and that counsel was evading his responsibilities under Rule 11 of the Federal Rules of Civil Procedure. 868 F. Supp. at 1231–32. That is not the case here. There is no danger that this Court will apply the wrong standard, because counsel has entered his appearance for Top Brass and signed his own name to the motion that he filed for his own client. There is no admission or other evidence, as there was in *Johnson*, that Top Brass's counsel ghostwrote the *pro se* Defendants' Motions, nor does the undersigned find that is likely to be the case. Gill's allegations of ghostwriting do not require denial of any of the motions in this case.

## CONCLUSION

After considering the pleadings and applicable law, the undersigned **RECOMMENDS**

that Judge O'Connor **GRANT** Defendant Dallas Top Brass Marketing & Services, Inc.'s Motion to Dismiss (ECF No. 11), and **DISMISS** this action **without prejudice** as to Defendant Top Brass. If Plaintiff files an amended complaint within the fourteen days allotted for objections to this recommendation, however, the Motion should be **DENIED** as moot, and the action should be allowed to proceed on the amended complaint. Plaintiff is permitted to file an amended complaint on or before **January 30, 2018.**

The undersigned additionally **RECOMMENDS** that Judge O'Connor **DENY** Defendant Bennett Cleaning Concepts's Motion to Dismiss (ECF No. 12) and Defendant Harry Bennett's Motion to Dismiss (ECF No. 13).

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed January 16, 2018.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE