IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ANTHONY E. GILL, | § |
| Plaintiff, | § |
| v. | § Civil Action No. 4:17-cv-00611-O-BP |
| HARRY BENNETT, et al., | § |
| Defendants. | § |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On January 16, 2018, the United States Magistrate Judge issued Findings, Conclusions, and a Recommendation (the "FCR") in this case. FCR, ECF No. 21. The FCR recommended that this Court grant Defendant Dallas Top Brass Marketing & Services, Inc.'s ("Top Brass") Motion to Dismiss (ECF No. 11), filed September 11, 2017. The FCR further recommended that the Court deny Defendant Harry Bennett's ("Bennett") Motion to Dismiss (ECF No. 13), filed September 19, 2017; and deny Defendant Bennett Cleaning Concepts's ("BCC") Motion to Dismiss (ECF No. 12), filed September 19, 2017.

The Court has conducted a *de novo* review of those portions of the FCR to which an objection was made. For the following reasons, Plaintiff's objections are **OVERRULED**.

**I.     BACKGROUND**

The following alleged facts are taken from Plaintiff's Original Petition ("Plaintiff's complaint" or the "complaint"). Pl.'s Compl., ECF No. 1. On March 29, 2017, Plaintiff began working for Bennett, the owner and operator of BCC, and "cleaning buildings which were subcontracted by Harry Bennet(t) from Top Brass." *Id.* at 2. On April 3, 2017, Bennett put Plaintiff

1

on a payment schedule of $400.00 every two weeks. *Id.* Plaintiff worked 47.45 hours between April 3, 2017 and April 9, 2017. *Id.* On April 14, 2017, Plaintiff told Bennett that he was quitting because he was working below the minimum wage "as set by the FLSA." *Id.*

Plaintiff additionally alleges that after work on April 14, 2017, Bennett beat Plaintiff with the stick of a mop until the stick broke into pieces. *Id.* at 2–3. Bennett was arrested for aggravated Assault with a Deadly Weapon and indicted in Tarrant County, Texas. *Id.* at 3 & Attach. A. Plaintiff was taken to Baylor Scott & White Medical Center and treated for head injury, contusions, cervical strain, and chronic obstructive pulmonary disease. *Id.* at 3 & Attach. B. Plaintiff also alleges that Bennett has harassed Plaintiff by calling his parole officer. *Id.*

On September 11, 2017, Top Brass filed a motion to dismiss, on the grounds that Plaintiff made an untrue allegation of poverty on his application to proceed *in forma pauperis* ("IFP"), pursuant to 28 U.S.C. § 1915(e)(2)(A), and that Plaintiff failed to state a claim upon which relief could be granted under Federal Rule of Civil Procedure 12(b)(6). Top Brass Mot. Dismiss, ECF No. 11. On September 19, 2017, Bennett and BCC filed separate motions to dismiss. BCC Mot. Dismiss, ECF No. 12; Bennett Mot. Dismiss ECF No. 13. Bennett and BCC (collectively, the "*pro se* Defendants") are proceeding *pro se*.[1]

The *pro se* Defendants' motions to dismiss were identical to Top Brass's motion to dismiss with the exception that they did not include any argument under 12(b)(6) beyond the legal standard and did not have any documents attached. *See id.*

---

[1] The Court is now aware the BCC is proceeding in this action *pro se*. A defendant company is not permitted to proceed *pro se* in federal court. In a separate order following this one, the Court will require BCC to obtain counsel. *See K.M.A., Inc. v. General Motors Acceptance Corp.*, 682 F.2d 398, 399 (5th Cir. 1982) (there is a clear rule that as a fictional legal person, a corporation can only be represented by licensed counsel); *and see Flores v. Kester*, 2012 WL 6633907 at *1 (N.D. Tex. Apr. 5, 2012) ("When a corporation declines to hire counsel to represent it, the court may dismiss its claims if it is a plaintiff, or strike its defenses if it is a defendant").

Plaintiff filed a Response entitled "Plaintiff's Response to Defendant's Motion(s) to Dismiss" on October 31, 2017. Pl.'s Resp. Top Brass Mot. Dismiss, ECF No. 18. The Response appears to be a response to all of the motions to dismiss filed by the three Defendants in this case. Plaintiff responded to Top Brass's arguments and additionally argued that the *pro se* Defendants' motions should be denied because they were duplicative. Pl.'s Br. Supp. Resp. Top Brass Mot. Dismiss 2, ECF No. 19. Top Brass filed its Reply on November 1, 2017. Top Brass Reply, ECF No. 20.

The Magistrate Judge issued his findings, conclusions, and a recommendation in this case on January 16, 2018. Plaintiff filed objections, Pl.'s Obj., ECF No. 22, and later amended his objections after receiving leave from the Court to do so. Pl.'s Am. Obj., ECF No. 26. Top Brass responded to Plaintiff's original objections but did not file its own objections to the FCR. *See* Top Brass Resp. Pl.'s Obj., ECF No. 23. The FCR and objections are now ripe for review.

## II.    LEGAL STANDARD FOR A MOTION TO DISMISS

Federal Rule of Civil Procedure 8(a) requires a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8 does not require detailed factual allegations, but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6).

To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

"Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citations omitted). A court may also consider documents that a defendant attaches to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000).

Because Plaintiff is proceeding *pro se*, the Court liberally construes his complaint with all possible deference. *See Haines v. Kerner*, 404 U.S. 519 (1972); *see also Hitt v. City of Pasadena*,

561 F.2d 606, 608 (5th Cir.1998) ("A *pro se* plaintiff ordinarily should be given 'every opportunity' to state a possible claim for relief.")

### III. ANALYSIS OF OBJECTIONS

Plaintiff makes several objections to the Magistrate Judge's FCR. This Court reviews each objection *de novo*.

#### A. Misstatement of the Plaintiff's Factual Allegations

Plaintiff contends on page two of the FCR, the Magistrate Judge misstated factual allegations when he summarized Plaintiff's claims as follows: "Plaintiff additionally alleges that Bennett followed him when he left work that day and beat Plaintiff with the stick of a mop until the stick broke into pieces." Pl.'s Obj. 2, ECF No. 22 (citing FCR 2, ECF No. 21); Pl.'s Am. Obj. 2, ECF No. 26. Plaintiff argues that the FCR incorrectly described the event, and that it was in fact Plaintiff who followed Bennett outside and the statement was "inherently prejudicial." Pl.'s Am. Obj. 2, ECF No. 26. In reviewing this part of the FCR *de novo*, the Court finds that this possible misstatement of facts by the Magistrate Judge did not prejudice Plaintiff. After a thorough review of the complaint, the Court finds that the fact of who followed whom is not legally material to the analysis of Plaintiff's claims under the FLSA. Further, the Magistrate Judge recommended Plaintiff's claims against Bennett and BCC survive their motions to dismiss, so any error committed in recitation of the facts in the FCR was harmless. This objection is overruled.

#### B. Omitting Plaintiff's Factual Allegations

Plaintiff contends that on page nine of the FCR, the Magistrate Judge erred when he stated "Gill's only alleged facts connecting Top Brass to his claims are that they subcontracted cleaning to [BCC]." Pl.'s Obj. 3, ECF No. 22 (citing FCR 9, ECF No. 21). Plaintiff's amended objections are more detailed and provide quoted language from the complaint that was summarized by the

5

FCR. Plaintiff seems to argue that the summarization of these facts into the sentence cited above constituted error because the Magistrate Judge did not address the issue of joint employer liability. *See* Pl.'s Am. Obj. 3, ECF No. 26.

In reviewing this portion of the FCR *de novo*, the Court will analyze Plaintiff's FLSA claims against Top Brass under Rule 12(b)(6). The FLSA provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). "An employee bringing an action for unpaid overtime compensation must first demonstrate by a preponderance of the evidence: (1) that there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due." *Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014) (citations omitted). Top Brass argues that Plaintiff has failed to state factual allegations that he was an "employee" of Top Brass and therefore cannot state a claim under the FLSA. Top Brass Mot. Dismiss 10–11, ECF No. 11. The Magistrate Judge agreed that Plaintiff did not make factual allegations that he was employed by Top Brass and recommended that the Court dismiss this claim. FCR 9, ECF No. 21. Plaintiff argues that his FLSA claim against Top Brass is valid if the Court considers "joint employer liability" and the economic realities test. Pl.'s Am. Obj. 3, ECF No. 26.

In cases where a plaintiff claims to be employed by more than one employer, the court must apply the economic reality test to each individual or entity alleged to be an employer. *Watson v. Graves,* 909 F.2d 1549, 1556 (5th Cir.1990); *see also Kaminski v. BWW Sugar Land Partners,*

6

2010 WL 4817057, at *2 (S.D. Tex. Nov. 19, 2010) ("Where a complaint seeks to hold more than one employer liable under the FLSA, some facts at least of the employment relationship must be set forth in order to make out a facially plausible claim of multiple employer liability under the FLSA."). The Court finds that Plaintiff's allegation that his employer BCC, subcontracted by Top Brass, is a sufficient factual allegation so that the Court may reasonably infer that he is seeking to hold Top Brass liable under the theory of joint employer liability—a theory that is recognized by the Fifth Circuit in FLSA cases. *See Watson*, 909 F.2d at 1556. The Court next looks to whether the complaint is sufficient to state a claim under that theory using the economic reality test.

Under the economic reality test, employer status may be established if the individual or entity: (1) possessed the authority to hire or fire employees; (2) supervised or controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records. *Gray v. Powers,* 673 F.3d 352, 355 (5th Cir. 2012). Here, Plaintiff has not provided sufficient facts which would enable the court to apply and evaluate the economic reality test to each defendant. Specifically, Plaintiff has not provided factual allegations as to how the events that gave rise to this lawsuit were allocated [among] the [ ] defendants . . . [or] how his employment was handled generally." *See Escobedo v. Metal Protective Coating Professionals, Inc.*, 2013 WL 6504675, at *2 (S.D. Tex. Dec. 11, 2013). That is, Plaintiff has offered no particularized characteristics of Top Brass's connection to Plaintiff, in whether they: played a role in his hiring; had the ability to fire him; supervised him; controlled his schedule and duties; and had authority to determine what, how, or when he was paid. *Cf. id.* Therefore, Plaintiff's complaint is insufficient to state a claim against Top Brass under the FLSA and his claims should be **DISMISSED without prejudice**. The Court will provide Plaintiff an opportunity to amend his claims against Top Brass.

### C. Prematurely Finding Factual Scenarios and Conclusions as to the Availability of the Evidence

Plaintiff contends that the Magistrate Judge made a premature finding and erred when he found that there is no evidence to suggest that Top Brass ghostwrote the *pro se* Defendants' motions. Pl.'s Obj. 3, ECF No. 22. Plaintiff argued in his response to all three motions to dismiss that because the *pro se* Defendants' motions were identical to Top Brass's motion to dismiss, sanctions should be imposed against Mr. Fillmore, counsel for Top Brass, for ghostwriting the motions and failing to inform the Court that he is representing the *pro se* Defendants. Pl.'s Br. Supp. Resp. Top Brass Mot. Dismiss 2, ECF No. 19. Plaintiff cited no binding authority for this request and provided the Court with no evidence of his suspicions. Plaintiffs' allegations to that effect and request for sanctions have no bearing on the viability of his FLSA claims and will not be considered by the Court in reviewing a motion to dismiss. This objection is overruled.

### D. Failing to Apply State Law to the Case

Plaintiff contends that the Magistrate Judge erred when he failed to apply state law of probate and property ownership to the facts of the case and did not consider whether Plaintiff's interest in his late mother's homestead had yet vested. Pl.'s Obj. 4, ECF No. 22; Pl.'s Am. Obj. 4, ECF No. 26. This portion of the FCR dealt with Top Brass's assertion that Plaintiff made a false statement on his IFP application to the Court, and this alone requires dismissal of his claims. *See* FCR 4–6, ECF No. 21; Top Brass Mot. Dismiss 2–4, ECF No. 11. The Magistrate Judge ultimately found that Plaintiff's failure to report a single asset—the property interest in his late mother's homestead—was not sufficient to revoke Plaintiff's IFP status or mandate dismissal under 28 U.S.C. § 1915(e)(2)(A). FCR 6, ECF No. 21. This finding does not require the application of state law, and the authority that Plaintiff cites—Texas Property Code §§ 13.001, 209.002(6)—appears to be in response to Top Brass's arguments in its motion to dismiss and not the FCR itself. These

statutes are not applicable to the IFP arguments, nor are they applicable to Plaintiff's FLSA claims, and therefore, the Magistrate Judge was not required to address them. This objection does not take issue with the FCR's ultimate decision that Plaintiff's IFP status should not be revoked or that his claims should not be dismissed under 28 U.S.C. § 1915(e)(2)(A). For those reasons, this objection is overruled.

### E. Failing to Apply Relevant Federal Law and Regulations to the Case

Plaintiff contends that the Magistrate Judge erred when he failed to apply federal law of "joint employer liability, the economic realities test, [Federal Rules of Civil Procedure] 11 and 12." Pl.'s Obj. 4, ECF No. 22. Plaintiff also argues that the Magistrate Judge improperly "fail[ed] to address facts necessitating defendants motion to dismiss be consider as summary judgment motions." *Id.* This objection is substantially similar to Plaintiff's second objection, regarding the FCR's alleged failure to include relevant facts in its analysis, and for the reasons stated in Part III.B of this Order, this objection is overruled.

## IV. CONCLUSION

Based on the foregoing, the FCR is **ADOPTED** as the Findings and Conclusions of the Court. It is **ORDERED** that Defendant Top Brass's Motion to Dismiss (ECF No. 11), filed September 11, 2017 is **GRANTED**. Plaintiff's claims against Top Brass are **DISMISSED without prejudice.** Plaintiff may amend his claims against Top Brass no later than April 24, 2018. If Plaintiff fails to do this, his claims against Top Brass will be dismissed with prejudice.

It is further **ORDERED** that Defendant Bennett Cleaning Concepts's Motion to Dismiss (ECF No. 12) is **DENIED**; and Defendant Harry Bennett's Motion to Dismiss (ECF No. 13) is **DENIED**.

**SO ORDERED** on this **6th day of April, 2018.**

9

Reed O'Connor
UNITED STATES DISTRICT JUDGE